# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO.: 1:10CV-44-M

SPRING CREEK AIRPARK, INC.                                              APPELLANT

v.

ROSWELL HOLDING, LLC                                                      APPELLEE

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motions by the Appellant, Spring Creek Airpark, Inc. ("Spring Creek"), requesting that an order of the bankruptcy court be stayed pending appeal [DN 7] and requesting an extension of time in which to file a statement of issues [DN 8]. Also before the Court are motions by the Appellee, Roswell Holdings, LLC ("Roswell"), to dismiss this appeal [DN 15] and for an extension of time to file a designation of additional items for the record on appeal [DN 10]. Fully briefed, these motions are ripe for decision.

### I. MOTION TO STAY

In this case, Spring Creek appeals from an order of the Bankruptcy Court annulling the automatic stay, see 11 U.S.C. § 362(a), thereby giving Roswell the ability to foreclose upon its security interest in Spring Creek's property. Spring Creek argues that the sale of its property would constitute irreparable harm,[1] and that this Court should stay the bankruptcy court's order while it considers this appeal. The applicable bankruptcy rule provides in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . .

---

[1] Spring Creek contends that it would suffer irreparable harm absent a stay as Roswell would be able to foreclose upon its property rendering this appeal moot.

> must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief . . . may be made to the district court . . ., but the motion shall show why the relief . . . was not obtained from the bankruptcy judge.

Fed. R. Bankr. P. 8005.  Therefore, "it is only after the bankruptcy court has failed to grant the stay or has failed to grant it on terms acceptable to the appellant that the appellant may seek relief in the district court . . . in accordance with the provisions of Rule[] 8005."  10 Collier on Bankruptcy ¶ 8005.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev).

In determining whether a stay should be granted under Rule 8005, the Court must "consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction."  Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted).  Those factors are "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."  Id. (citation omitted).  However, unlike preliminary injunctions,

> a movant seeking a stay pending review on the merits of a [trial] court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal.  Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the [trial] court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

Id.  And although a movant "need not always establish a high probability of success on the

merits,"[2] id., he "is always required to demonstrate more than the mere 'possibility' of success[,]" id. (citing Mason County Med. Ass'n v. Knebel, 563 F.2d 256, 261 n.4 (6th Cir. 1977)).  In other words, a strong showing of irreparable harm will not be sufficient to obtain a stay pending appeal unless the movant can "show, at a minimum, 'serious questions going to the merits.'" Id. at 154 (quoting In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985)); see also Ottawa Dev. Corp. v. U.S. Dept. of Housing, 21 F. App'x 307, 309 (6th Cir. 2001) (failure to show serious questions going to the merits of the trial court's decision was dispositive).

Here, Spring Creek is not entitled to a stay pending appeal because it has failed to show "serious questions going to the merits" of the Bankruptcy Court's order annulling the automatic stay.  Under 11 U.S.C. § 362, the Bankruptcy Court

> [o]n request of a party in interest and after notice and a hearing . . . shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>   (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>       (A) the debtor does not have an equity in such property; and
>       (B) such property is not necessary to an effective reorganization;
>           . . . .

11 U.S.C. § 362(d).  Because this provision "commits the decision whether to lift the automatic stay to the discretion of the bankruptcy court, this Court will overturn the Bankruptcy Court's

---

[2] For instance, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay.  Simply stated, more of one excuses less of the other." Michigan Coalition, 945 F.2d at 153 (internal citation omitted).

decision only upon a showing of abuse of discretion." Stephens Indus., Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986) (citing In re Holtkamp, 669 F.2d 505, 507 (7th Cir. 1982)). In this case, the Bankruptcy Court found sufficient evidence in Roswell's motion to annul the automatic stay pursuant to § 362(d)(1) and (2). In particular, Roswell's motion cited evidence of Spring Creek's lack of good faith in filing the bankruptcy petition, see In re Laguna Assocs. Ltd. P'ship, 30 F.3d 734, 737 (6th Cir. 1994) ("a debtor's lack of good faith in filing a petition for bankruptcy may be the basis for lifting the automatic stay."), and that its interests in the subject property were not being adequately protected, see 11 U.S.C. § 362(d)(1).

In its motion to stay, Spring Creek asserts that "[t]he Debtor's property is and at all times necessary to this case and to the successful reorganization of the Debtor," that "[t]he Debtor has substantial equity in its property and Roswell Holdings LLC has been afforded adequate protection of its interest," and that "Debtor is currently conducting negotiations with a lender which, upon successful completion, will enable it to discharge its outstanding indebtedness." Absent from Spring Creek's motion, however, is any evidence that the Bankruptcy Court's decision constitutes an abuse of discretion. "'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. A . . . court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 467 (6th Cir. 2009) (quoting Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004)). Spring Creek relies upon the same arguments it made before the Bankruptcy Court, but has not shown that the Bankruptcy Court's factual findings were clearly erroneous, nor has

4

it argued that the Bankruptcy Court improperly applied the law or used an erroneous legal standard. Spring Creek has simply failed to show to this Court's satisfaction "serious doubts" about the Bankruptcy Court's decision to annul the automatic stay. The Court will deny Spring Creek's motion to stay.

## II. MOTION TO DISMISS

Roswell argues that in addition to denying Spring Creek's motion to stay, the Court should dismiss this appeal in its entirety. It notes that Spring Creek's designation of the record is defective because it essentially designates the *entire* bankruptcy court record for appeal. Furthermore, it notes that Spring Creek has not yet filed a statement of issues which was required by Rule 8006 to be filed six weeks ago.[3]

When a party fails to comply with non-jurisdictional bankruptcy rules, such as those contained in Rule 8006, the district court has discretion to dismiss the appeal. See Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground[s] only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."); Sharwell v. Baumgart, 129 F.3d 1265 (table), 1997 WL 681509 (6th Cir. 1997) (affirming dismissal of bankruptcy appeal for failure to file a designation of record on appeal as required by Rule 8006). Dismissal of an appeal, however, is rarely an appropriate action. "This power to dismiss . . . should not be exercised generally unless the omission arose from

---

[3] In actuality, Spring Creek has filed a statement of issues for appeal in both the Bankruptcy Court and here, but did so late. Coupled with its statement of issues for appeal was a motion essentially seeking leave to file the statement out of time.

negligence or indifference of appellant and, where good faith is shown, the court, in order to avoid injustice, may, on a proper suggestion or on its own motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions." In re Winner Corp., 632 F.2d 658, 661 (6th Cir. 1980) (reversing district court's decision to dismiss bankruptcy appeal for failing to timely file a designation of record) (quotation omitted).

Here, the Court finds that Spring Creek's blanket designation of the bankruptcy court record is improper. Rule 8006 provides that "the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal." The purpose of such a designation is to afford the reviewing court a complete understanding of the case. In re T. Michaelis Corvette Supplies, Inc., 14 B.R. 365, 367 (Bankr. N.D. Ohio 1981) (citation omitted). However, a designation that does not delineate each item that the appellant intends to be included in the record, but rather provides for the designation of "all documents filed in the Bankruptcy case[,]" amounts to no designation at all.[4] See, e.g., In re Bender, No. 98-5559, 1999 U.S. App. LEXIS 19460, at *2-3 (6th Cir. 1999) (affirming dismissal of bankruptcy appeal where the appellant failed to amend his designation that was "too broad"). Nevertheless, the Court does not find that dismissal of this appeal is warranted at this time. The usual practice taken by courts when an appellant has not properly perfected its appeal is to "direct that the omission be corrected . . . ." Winner, 632 F.2d at 661 (quotation omitted); Bender, 1999 U.S.

---

[4] This is not to say that in an appropriate case designating the entire record would be improper if such items are specifically delineated. The Court doubts that this is such a case.

6

App. LEXIS 19460, at *4 (affirming dismissal for improper designation only after the appellant failed to correct the error upon a court order). The Court therefore directs that the appellant file an amended designation of the record in accordance with Rule 8006, designating only those items that will afford this Court a complete understanding of the case. It shall do so by Tuesday, July 6, 2010. Roswell may thereafter file a counter designation within the time specified by said Rule.

For similar reasons, the Court is not inclined to dismiss Spring Creek's appeal merely because it filed a statement of issues approximately one month late. Because Spring Creek corrected its error before the Court instructed it to do so, the Court finds that dismissal is not warranted.

### III. MOTIONS FOR EXTENSION OF TIME

Both parties seek extensions of time to file various documents. Spring Creek seeks an extension of time to file its statement of issues and Roswell seeks an extension of time in which to file a counter-designation of the record. For the reasons set forth above, the Court will grant these motions.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the Appellant, Spring Creek Airpark, Inc., to stay [DN 7] is **DENIED** and its motion for an extension of time [DN 8] is **GRANTED**. Spring Creek's Statement of Issues [DN 9] shall be deemed timely filed. **IT IS FURTHER ORDERED** that the motion by the Appellee, Roswell Holdings, LLC, to dismiss [DN 15] is **DENIED** and its motion for an extension of time is **GRANTED**. Spring

Creek is directed to file an amended designation of the record by Tuesday, July 6, 2010, in accordance with Rule 8006 and this Court's opinion. Roswell may thereafter file a counter designation within the time specified by Rule 8006.


cc: Counsel of Record